NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE LAMAR JACKIO,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>               Respondent-Appellee. | No. 19-15743<br><br>D.C. No. 2:16-cv-02812-WBS-GGH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

California state prisoner Lawrence Lamar Jackio appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We

have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's

denial of a section 2254 habeas petition, *see Stanley v. Cullen*, 633 F.3d 852, 859

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011), and we affirm.

Jackio contends that his waiver of the right to counsel under *Faretta v. California*, 422 U.S. 806 (1975), was involuntary because the state trial court failed to advise him of the full range of penalties he faced on each count if convicted, and in particular, the possibility of multiple consecutive life sentences. We need not determine whether the government is correct that the state court's rejection of this claim is entitled to deference under 28 U.S.C. § 2254(d)(1) because Jackio's claim fails even under de novo review. The record reflects that Jackio was correctly advised of the cumulative maximum term of lifetime imprisonment that he faced upon conviction, the nature of the charges against him, and the dangers of self-representation. Accordingly, Jackio waived his right to counsel "with eyes open." *Faretta*, 422 U.S. at 835; *see also United States v. Neal*, 776 F.3d 645, 657-59 (9th Cir. 2015). An understanding of the precise range of potential sentences was not required. *See Arrendondo v. Neven*, 763 F.3d 1122, 1130 (9th Cir. 2014) (to validly waive counsel, defendant need only have a "general understanding of the potential penalties of conviction").

We treat Jackio's additional arguments as a motion to expand the certificate of appealability and deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

19-15743